SUPREME COURT OF ARIZONA

ARIZONA RIGHT TO LIFE,

Plaintiff/Appellant,

v.

ADRIAN FONTES, et al.,

Defendants/Appellees.

) Arizona Supreme Court
) No. CV-24-0180-AP/EL
)
) Maricopa County
) Superior Court
) No. CV2024-019610
)
)
)
)
) **FILED 08/20/2024**

**DECISION ORDER**

The Court en banc has considered the briefs and authorities in this expedited election appeal concerning the "Arizona Abortion Access Act" (the "Initiative"), serial number I-05-2024, a ballot initiative to adopt an amendment to the Arizona Constitution establishing a fundamental right to abortion in the Arizona Constitution and preventing the State from denying, restricting, or interfering with this right in specific circumstances. The superior court concluded that the 200-word description (the "Description") accurately described the Initiative under A.R.S. § 19-102(A) and denied Plaintiff/Appellant's request to enjoin the Secretary of State from including the Initiative on the 2024 general election ballot. Plaintiff/Appellant appealed.

As this Court has noted in a previous case concerning abortion, our resolution of this appeal "does not rest on the justices' morals or public policy views regarding abortion." *Planned Parenthood Ariz., Inc. v. Mayes*, 257 Ariz. 110, 111 ¶ 1 (2024). Rather, our task is to apply the law governing initiative descriptions fairly and

impartially in the context of the people's exercise of the legislative power through the initiative. *See League of Ariz. Cities & Towns v. Brewer*, 213 Ariz. 557, 559–60 ¶¶ 8–10 (2006).

Therefore, upon consideration,

The Court unanimously concurs in the superior court's analysis and conclusion. A.R.S. § 19-102(A) requires an initiative petition to "[i]nsert a description of not more than two hundred words of the principal provisions of the proposed measure or constitutional amendment." The superior court was required to disqualify the Initiative from the ballot only if the Description either (1) "omitted a 'principal provision' of the measure" or (2) failed to accurately communicate the principal provisions' general objectives. *Molera v. Hobbs*, 250 Ariz. 13, 19 ¶¶ 8, 10 (2020) ("*Molera II*"). Plaintiff/Appellant does not argue that the Description omits a principal provision. Instead, it challenges the Description's accuracy in describing these provisions.

We have noted that "[r]easonable people can differ about the *best* way to describe a principal provision, but a court should not enmesh itself in such quarrels." *Id.* at 20 ¶ 11. A 200-word description complies with § 19-102(A) if it "would alert a reasonable person to the principal provisions' general objectives." *Id.* A description is deficient if it "either communicates objectively false or misleading information or obscures the principal provisions' basic thrust." *Id.* ¶ 13.

The principal provisions of the Initiative are (1) the establishment of a fundamental right to abortion under the Arizona Constitution; (2) the scope of that fundamental right, before and after fetal viability; and (3) the preclusion of the State from penalizing a person for assisting another to exercise that right. The Description explains each of these provisions and the tests that would apply to restrictions upon that right. Nothing in the Description "either communicates objectively false or misleading information or obscures the principal provisions' basic thrust," in violation of § 19-102(A). *See id.*

We reject Plaintiff/Appellant's arguments to the contrary. The Description is not required to explain the Initiative's impact on existing abortion laws or regulations. *See Molera II*, 250 Ariz. at 21 ¶ 20. Moreover, a reasonable person would necessarily understand that existing laws that fail the prescribed tests would be invalid rather than continue in effect. *See*, *e.g.*, A.R.S. § 36-2322 (eff. Sept. 24, 2024) (existing law prohibiting elective abortions after fifteen weeks).

Similarly, a reasonable person would assume that the "health care provider" tasked with determining fetal viability would ordinarily be the pregnant woman's own treating physician, who is, by virtue of such person's profession, guided by ethical codes and presumably acts in good faith to preserve her health.

Plaintiff/Appellant also argues that the Initiative itself is

misleading. But that is not the issue before us under § 19-102(A). "[T]he proper place to argue about the potential impact of an initiative is in the political arena, in speeches, newspaper articles, advertisements and other forums." *Tilson v. Mofford*, 153 Ariz. 468, 473 (1987); *see also Molera II*, 250 Ariz. at 22 ¶ 23. We find that principle dispositive of most of the claims at issue in this case.

**IT IS ORDERED** affirming the superior court's judgment denying injunctive relief. The Secretary of State will proceed under Title 19, Arizona Revised Statutes, to include the Initiative in the general election publicity pamphlet and to place it on the general election ballot.

**IT IS FURTHER ORDERED** granting the request by Defendant/Appellee Arizona for Abortion Access for taxable costs under A.R.S. §§ 12-341 and 12-342.

**IT IS FURTHER ORDERED** directing the Clerk to issue the mandate forthwith.[1]

DATED this 20th day of August, 2024.

_____/s/_____
ANN A. SCOTT TIMMER
Chief Justice

---

[1] Justice Bolick is recused, and the Honorable John Pelander, Justice (Retired) of the Arizona Supreme Court, was designated to sit on the case pursuant to article 6, section 3 of the Arizona Constitution.

TO:
Timothy A LaSota
Jennifer Wright
Karen J Hartman-Tellez
Kara Karlson
Kyle R Cummings
D Andrew Gaona
Austin C Yost
Andrew Fox
Hon. Melissa Iyer Julian
Hon. Jeff Fine
Alberto Rodriguez
Hon. John Pelander
Malvika A Sinha
Daniel J Adelman
Nicholas Ansel
Karin Aldama
Skye L. Perryman
Carrie Y. Flaxman
Molly A. Meegan
Alexander Michael Del Rey Kolodin
Veronica Lucero
Nathan J Fidel
Jim Davy
Joshua Rosenthal
Jordan Phillips


blc